**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| DEBBIE PATTERSON, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:11-CV-31-RWS |
| JOHN MONSON, *et al.*, : | |
| Defendants. : | |
| : | |
| : | |
| : | |

**ORDER**

This case comes before the Court on Defendant Knott's Motion for Sanctions [50]. After a review of the record, the Court enters the following order.

Plaintiff filed this *pro se* action against the Defendants on February 9, 2011, alleging what appear to be claims for wrongful foreclosure and foreclosure fraud. Cmpl., Dkt. No. [1]. On March 18, 2011, Defendant Knott appeared and filed his answer. Ans., Dkt. No. [11]. Discovery commenced April 17, 2011, and the parties were placed on a four-month discovery track.

On April 18, 2011, Knott's counsel mailed correspondence to the

Plaintiff which asked her to contact him regarding a 26(f) early planning conference. Dkt. No. [50] at 8. Plaintiff never responded. Also on April 18, 2011, Knott filed his initial disclosures. Dkt. No. [14]. Plaintiff never reciprocated.

On June 9, 2011, Knott served Interrogatories and Requests for Production of Documents on the Plaintiff. Dkt. No. [32]. Plaintiff's responses were thus due on July 12, 2011, but Plaintiff again did not respond. Likewise, Plaintiff did not respond to Knott's Request for Admissions which were served June 16, 2011. Dkt. No. [34].

On July 11, 2011, Knott sent the Plaintiff Notice of Taking Videotaped Deposition of Plaintiff, which noticed Plaintiff's deposition for July 27, 2011 and stated in a cover letter that if Plaintiff had a conflict, to contact Knott's counsel to reschedule. Dkt. No. [36]. Plaintiff neither called Knott's counsel to reschedule nor appeared at the deposition. Dkt. No. [53].

On August 5, 2011, Knott sent Plaintiff a letter in which he attempted to confer with the Plaintiff to resolve her discovery failure. Dkt. No. [50] at 22-23. This letter also stated that if she did not respond, counsel would move for sanctions and would seek dismissal of her complaint. Id. Plaintiff never

2

AO 72A
(Rev.8/82)

responded.

### A. Motion for Sanctions

Knott moves to dismiss Plaintiff's complaint as a discovery sanction for failing to respond to any discovery and failing to attend her own deposition. As an initial matter, Plaintiff has failed to respond to this matter; thus, it is unopposed. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). However, because dismissal is a drastic sanction, the Court will consider the merits of the motion.

Federal Rule of Civil Procedure 37 provides, in pertinent part,

> The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

FED. R. CIV. P. 37(d)(1)(A). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process," Gratton v. Great American Communications, 178 F.3d 1373, 1375 (11th Cir.

3

1999), and the district court has broad discretion to control discovery and fashion the appropriate sanction. See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).

Under the plain language of Rule 37, a district court may dismiss an action for a party's failure to comply with discovery. FED. R. CIV. P. 37(b)(2)(A)(v). However, dismissal with prejudice is a "drastic sanction" which should be only be implemented "as a last resort." Gratton, 178 F.3d at 1375. Accordingly, a district court may dismiss an action with prejudice only where "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc. v. Int'l. Family Entm't., Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) (citing Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Here, the Court finds that Plaintiff has engaged in a clear pattern of delay and that a lesser sanction would not suffice. Plaintiff has not responded to any of the Defendant's discovery requests and did not appear for her own deposition. However, because Plaintiff has been vigorously litigating the matter in the way of motions and in light of her *pro se* status, the Court orders Plaintiff

4

to **SHOW CAUSE** by March 15, 2012 why her complaint should not be dismissed with prejudice. The Court will address Defendant's additional fee request following the Plaintiff's response.

### B. Failure to Properly Serve the Remaining Defendants

The Court, *sua sponte*, notes that the other two Defendants in this matter–David Monson and John Monson–have not been properly served, and that more than 120 days have passed since Plaintiff's complaint was filed. While Plaintiff did file a return of service for John Monson, see Dkt. No. [6], that document states that the Plaintiff personally served the complaint in violation of Rule 4(c)(2). Fed. R. Civ. P. 4(c)(2) ("**By whom.** Any person who is at least 18 years old and not a party may serve a summons and complaint) (emphasis added). Thus, Plaintiff has not properly served either of these Defendants.

As a result of the foregoing, Plaintiff is **ORDERED** to **SHOW CAUSE** why her complaint should not be dismissed as to these Defendants for improper service by March 15, 2012. See Fed. R. Civ. P. 4(m) (allowing the Court to dismiss a matter without prejudice if plaintiff does not show good cause for her service failure).

5

### C. Conclusion

Plaintiff is **ORDERED** to **SHOW CAUSE** why her complaint should not be dismissed with prejudice as to Knott for failing to respond to discovery, and dismissed without prejudice as to the Monson Defendants for improper service. Plaintiff must file a response on both issues by March 15, 2012. Otherwise, her complaint will be dismissed.

**SO ORDERED**, this  5th  day of March, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)